UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUCIA GORDON,

    Plaintiff,

v.                                            Case #_____

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, LUCIA GORDON (GORDON) sues the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (LINA) and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. LINA is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

### Governing Plan and ERISA Standard of Review

4. GORDON is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

5. GORDON is an employee of Health Plan Services, Inc. a subsidiary of HealthPlan Holdings, Inc..

6. At all relevant times, GORDON was a participant in an employee benefit plan (hereafter referred to as "the Plan"), sponsored by HealthPlan Holdings, Inc..

7. HealthPlan Holdings, Inc. funded its Plan by purchasing a group policy of insurance (policy # CI-960032) issued by LINA. A copy of the portions of the policy available to GORDON are attached hereto and incorporated by reference as Exhibit A.

8. The group policy (Exhibit A) was drafted in its entirety by LINA.

9. The group policy (Exhibit A) is a contract of adhesion.

10. LINA and HealthPlan Holdings, Inc. use the group insurance policy (Exhibit A) as both the Plan document and Summary Plan Description (SPD).

11. No other plan documents exist other than the group insurance policy (Exhibit A).

12. No originating plan document exists which instituted the HealthPlan Holdings, Inc.'s Critical Illness Plan.

13. No originating plan document or other document exists in which HealthPlan Holdings, Inc. reserved any discretionary authority to itself in relation to the HealthPlan Holdings, Inc. Critical Illness Plan.

14. The employees or agents of HealthPlan Holdings, Inc. and LINA did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from HealthPlan Holdings, Inc. to LINA before purchasing the group insurance policy (Exhibit A) to fund its Critical Illness Plan.

15. The employees or agents of HealthPlan Holdings, Inc. and LINA did not discuss or correspond about the existence, meaning, or significance of the process required to delegate discretionary authority from HealthPlan Holdings, Inc. to LINA before purchasing the group insurance policy (Exhibit A) to fund its Critical Illness Plan.

16. At the inception of its disability plan, HealthPlan Holdings, Inc. did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

17. At the time it purchased the group disability insurance policy (Exhibit A) from LINA, HealthPlan Holdings, Inc. did not have any discretionary authority which it could delegate to an insurance company.

18. The group disability insurance policy (Exhibit A) was drafted entirely by LINA.

19. No document prepared by HealthPlan Holdings, Inc. delegates any discretionary authority to LINA.

20. There is no attempt in the policy drafted by LINA to delegate discretionary authority.

21. LINA was not delegated discretionary authority such that its claim decision would be entitled to the arbitrary and capricious standard of review because of one or more of the following:

    a) HealthPlan Holdings, Inc. never had the authority to delegate discretion to LINA following the inception of its disability plan;

    b) Discretionary authority is a material term to the group insurance policy (Exhibit A) that HealthPlan Holdings, Inc. never discussed with LINA;

c) The group insurance policy (Exhibit A) is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

d) If it had power to delegate discretion, HealthPlan Holdings, Inc. did not properly delegate discretionary authority over claims decisions to LINA; or

e) To the extent the court determines that the above are not grounds for rejecting the arbitrary and capricious standard of review, the group disability insurance policy (Exhibit A) states nothing about discretion, authority to manage this policy, interpret its provisions, administer claims, or resolve questions arising under it. The insurance policy's language is not sufficient to confer the benefit of a discretionary or arbitrary and capricious standard of review on LINA.

22. De novo applies to this action.

23. To the extent that this court determines that de novo review does not apply to this action, LINA pays claims from its own general assets as the claims decision maker and funder of the group insurance policy (Exhibit A), and LINA operates under a conflict of interest.

24. LINA is the Plan's claims administrator, handling claims under the insurance policy (Exhibit A).

25. Any claims paid under the group insurance policy (Exhibit A), are paid by LINA entirely from LINA's assets.

26. No assets of HealthPlan Holdings, Inc. are used to pay claims under the group insurance policy (Exhibit A).

## The Critical Illness Benefit Claim

27. GORDON worked and still works for Health Plan Services, Inc..

28. GORDON made a claim for Critical Illness benefits under the Plan after she was diagnosed with a malignant neoplasm of the right bronchus of her lung (lung cancer) on or around January 18, 2016.

29. The Plan pays benefits for "covered benefits" which include "cancer," which is defined as:

> A disease which is defined by the presence of malignant cells or a malignant tumor characterized by the uncontrolled and abnormal growth and spread of invasive malignant cells. The term Cancer does not include:
>
> 1. Pre-malignant conditions or conditions with malignant potential;
> 2. Carcinoma in Situ;
> 3. Basal cell carcinoma and squamous cell carcinoma of the skin, unless metastatic disease develops; or
> 4. Melanoma that is diagnosed as Clark's Level I or I or Breslow level less 0.75mm, or melanoma in situ.

30. LINA claimed that the benefit was subject to a limitation that the critical illness must be "subsequent [after 180 days] and different from those Critical Illnesses for which a Critical Illness Benefit has already been paid . . ."

31. In 2014, GORDON had a different cancer, unrelated to her current lung cancer, called a follicular variant of papillary carcinoma of the thyroid (thyroid cancer). Since GORDON's Critical Illness Benefit was paid for her thyroid cancer in 2014, and as such "Additional Critical Illness Benefit[s] will only be payable" if:

1. 100% of the Benefit Amount has been paid;
2. the diagnosed Critical Illness is subsequent and different from those Critical Illness(es) for which a Critical Illness Benefit has already been paid; and

3. the subsequent and different Critical Illness is diagnosed 180 days from the Date of Diagnosis of the last Critical Illness payable under the Benefit Amount.

32. LINA's rationale for denying benefits in the instant, lung cancer diagnosis is the fact GORDON had cancer in the past. LINA stated "[a]lthough invasive papillary adenocarcinoma is controversially considered a separate pathological entity, it is no less cancer." Final denial dated 5/24/16 attached as Exhibit B.

33. Although both cancers are classified as cancer, they are unrelated and not metastatic manifestations of the same disease process.

34. The lung cancer is "subsequent" to the thyroid cancer as it was nearly 2 years after the thyroid cancer, well after the 180 days required by the policy.

35. The lung cancer was also "different" in that it was also a different type of cancer, unrelated to the first cancer scare as the second was not a metastasis.

36. With respect to all claims made herein, GORDON exhausted all administrative remedies, by filing her appeal after the denial, and thus she pursued all necessary pre-suit appeals required under the plan and 29 C.F.R. §2560.503-1.

37. LINA issued its denial of GORDON's mandatory appeal in a letter dated May 24, 2016.

36. GORDON is entitled to critical illness benefits in the amount of $15,000 as she meets the definition of a critical illness for lung cancer subsequent and different than her thyroid in 2014.

37. As of the date of filing this action, LINA owes GORDON a total $15,000 exclusive of interest.

39. Plaintiff is entitled to benefits herein because:

a) The benefits are permitted under the Plan.

b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

c) Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

40. The benefit payment owed since January 18, 2016 is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

41. Pursuant to ERISA §502(g), 29 U.S.C. §1132(g), GORDON is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, LUCIA GORDON, asks this Court to enter judgment against the Defendant, LINA LIFE INSURANCE COMPANY, finding that:

a) The Plaintiff is entitled to Critical Illness benefits; and

b) Award benefits in the amount not paid to the Plaintiff—a total of $15,000, together with pre-judgment interest at the legal rate for payment from the date it became due until the date it is paid, and declare entitlement to any additional benefits owed to Plaintiff from the time of filing this Complaint to the time of Judgment in this action; and

c) Award reasonable attorney fees and costs incurred in this action; and

d) For such other and further relief as this Court deems just and proper.

DATED this **1st** day of February.

_____
JOHN V. TUCKER, ESQUIRE
Florida Bar # 899917
tucker@tuckerludin.com
AMY RAY, ESQUIRE
Florida Bar # 115793
ray@tuckerludin.com
Attorneys and Trial Counsel for Plaintiff
TUCKER & LUDIN, P.A.
5235 16th Street North
St. Petersburg, Florida 33703
Tel.: (727) 572-5000
Fax: (727) 571-1415

# United States District Court
### for the
### MIDDLE DISTRICT OF FLORIDA

**LUCIA GORDON,**

    **Plaintiff,**

**v.**                                          **Case #**_____

**LIFE INSURANCE COMPANY**
**OF NORTH AMERICA,**

    **Defendant.**

_____/

## SUMMONS IN A CIVIL ACTION
TO:

LIFE INSURANCE COMPANY OF NORTH AMERICA
Through its Registered Agent, the STATE OF FLORIDA CHIEF FINANCIAL OFFICER
P O BOX 6200 (32314-6200)
200 E. GAINES ST
TALLAHASSEE FL 32399-0000 US

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

                          John V. Tucker, Esquire
                          Tucker & Ludin, P.A.
                          5235 16th Street North
                          St. Petersburg, FL 33703

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

                                                                    *CLERK OF COURT*

Date: _____         _____
                                                                        *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)*_____
_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*_____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*_____, who is
designated by law to accept service of process on behalf of *(name of organization)*_____
_____ on *(date)* _____; or

☐ I returned the summons unexecuted because_____; or

☐ Other *(specify)*:

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# United States District Court
for the
_____MIDDLE DISTRICT OF FLORIDA_____

**LUCIA GORDON,**

    **Plaintiff,**

**v.**                                                    **Case #**_____

**LIFE INSURANCE COMPANY
OF NORTH AMERICA,**

    **Defendant.**

_____/

## SUMMONS IN A CIVIL ACTION

TO:

LIFE INSURANCE COMPANY OF NORTH AMERICA
Through its Registered Agent, the STATE OF FLORIDA CHIEF FINANCIAL OFFICER
P O BOX 6200 (32314-6200)
200 E. GAINES ST
TALLAHASSEE FL 32399-0000 US

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

                             John V. Tucker, Esquire
                             Tucker & Ludin, P.A.
                             5235 16th Street North
                             St. Petersburg, FL 33703

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

                                                                             *CLERK OF COURT*

Date: _____              _____
                                                                          *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:

TUCKER & LUDIN, P. A.
COST ACCOUNT
5235 16th St N
St. Petersburg, FL 33703

REGIONS BANK
63-466/831

10293

Dec 14, 2016

PAY TO THE ORDER OF: Clerk of Court         $400.00

*** Four Hundred ****************************************************00/100 DOLLARS

Clerk of Court

MEMO: #16-290 - Filing fee (Lucia Gordon)

AUTHORIZED SIGNATURE

⑈00010293⑈ ⑆063104668⑆ 0066522633⑈

---

TUCKER & LUDIN, P. A.  COST ACCOUNT                                          10293

Acct #
DATE      :  December 14
CHE #     :  10293
AMOUNT    :  $400.00
ACCOUNT   :  8
PAID TO   :  Clerk of Court

16-290    400.00

EXPLANATION : #16-290 - Filing fee (Lucia Gordon)
CLIENT      : Gordon, Lucia
MATTER      : 16-290

---

TUCKER & LUDIN, P. A.  COST ACCOUNT                                          10293

DATE     : Dec 14, 2016
CHE #    : 10293
AMOUNT   : $400.00
ACCOUNT  : 8
PAID TO  : Clerk of Court

16-290    400.00

#16-290 - Filing fee (Lucia Gordon)

LAWYER : John V. Tucker
Gordon, Lucia v. Cigna